## Case No. 16,132.

UNITED STATES v. RECTOR et al.

[5 McLean, 174.][1]

Circuit Court, D. Ohio. Oct. Term, 1850.

STATE AND FEDERAL COURTS—CONFLICTS OF JURISDICTION—CRIMINAL IN CUSTODY.

[When a person is in custody under the state authority, this court has no power to take the accused from such custody; nor has a state court power to remove, by a habeas corpus, a defendant from the custody of a court of the United States.]

[Cited in U. S. v. McClay, Case No. 15,660.]
[Cited in brief in Ex parte Holman, 28 Iowa, 94.]

The defendants [Nelson Rector and Smith A. Ellis] are charged, in this court, of counterfeiting the coin of the United States. They are now in jail, on a criminal charge under the process of the state court; and a mo-

tion is made in behalf of persons who were bail for their appearance at this term, for a habeas corpus to bring the defendants before this court, and from the custody of the state.

THE COURT said, where a person is in custody under the state authority, this court has no power to take the accused from such custody; nor has a state court power to remove by a habeas corpus a defendant from the custody of a court of the United States. A habeas corpus should be applied for to the state court with the view of bringing the defendants, by the order of that court, before this court, to answer the charges against them here; after which they can be remanded to the state court. Or, if the defendants shall be first tried in the state court, this court can direct a capias to the marshal to arrest them, so soon as they shall be discharged from their present imprisonment. Under the circumstances, no step will be taken against the bail in this court. After the release of the defendants from state custody, the bail here will be liable for their appearance. Their recognizance will be continued.